**ALBANY CAR WHEEL COMPANY, Inc.,
Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 454, Docket 28706.**

United States Court of Appeals
Second Circuit.

Argued May 26, 1964.

Decided June 23, 1964.

Irving L. Innerfield, Buffalo, N. Y. (Albert R. Mugel, Buffalo, N. Y., on the brief), for petitioner.

Meyer Rothwacks, Atty., Dept. of Justice, R. P. Hertzog, Acting Chief Counsel, Internal Revenue Service, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attys., on the brief), for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.

PER CURIAM.

Petitioner, Albany Car Wheel Company, Inc., seeks review of a decision of the Tax Court, 40 T.C. 831 (1963), upholding the contention of the Commissioner that petitioner had overstated the cost basis of its assets. 26 U.S.C. § 1012 (1958).

Petitioner purchased the operating assets of a corporation engaged in the manufacture and sale of chilled iron wheels. Petitioner claims that the purchase cost included an obligation that it assumed under a union contract. The union contract in effect prior to the purchase provided that upon closing all or part of the plant, permanently or through technological improvement, the employer would give four and eight weeks severance pay to employees with one and five years' service respectively. Petitioner procured the release of the seller under that contract by agreeing to give six and twelve weeks written notice or severance pay in lieu thereof. Petitioner's opening book entries reflected its predecessor's book value of $135,449.40 for the assets acquired and, as a corresponding liability, a reserve of $46,089.05 in respect of the severance or notice pay obligation. This reserve was the difference, according to petitioner's calculations, between the book value of the assets and the consideration, other than the assumption of the union contract, that petitioner gave for the assets.

At the time of petitioner's purchase in 1955 the chilled iron wheel industry was a moribund business, and petitioner's president estimated that a chilled iron wheel plant had a remaining economic life of from two to five years. In support of the inclusion of the $46,089.05 as part of the cost basis of the acquired assets, petitioner argues that it was a certainty in 1955 that within five years it would be required to discharge the severance or notice pay obligation. Petitioner points out that in 1955 the estimated liability under the prior union contract was approximately $48,000.

The new contract, however, differed from the old contract in a crucial respect,

since it provided for payment of severance pay only if petitioner could not give the required notice. If, as actually happened, petitioner was able to make its decision to terminate operations far enough in advance to give notice, it could discharge its obligation without incurring any expenses for severance pay. We agree with the conclusion of the Tax Court that petitioner's obligation under the union contract was therefore too speculative to be includable in the cost basis of the acquired assets.

Judgment affirmed.